FILED IN CLERK'S OFFICE
U.S.D C. Atlanta

NOV 21 2007

JAMES N. HATTEN, CLERK
By: /s/
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELICIA BASHIRRUDIN BROWN, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | **1:07-CV-2893** |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED **-JOF** |
| ECHOSPHERE, L.L.C. and ) | |
| ECHOSTAR SATELLITE, L.L.C., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, by and through undersigned counsel, and files this her Complaint for Damages, and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## **PARTIES**

3.

Plaintiff is a female citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant Echosphere, L.L.C. and Echostar Satellite, L.L.C. are qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

5.

Defendant Echosphere, L.L.C. and Echostar Satellite, L.L.C. hereinafter ("Echosphere, L.L.C.") may be served with process by delivering a copy of the summons and complaint to its registered agent.

## **ADMINISTRATIVE PROCEDURES**

6.

Plaintiff timely filed a charge of discrimination against Defendant Echosphere, L.L.C. with the Equal Employment Opportunity Commission (EEOC).

7.

The EEOC issued a "Notice of Right to Sue" on August 27, 2007, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

9.

Defendant Echosphere, L.L.C. is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

10.

Felicia Bashirrudin Brown was hired by Defendant Echosphere, L.L.C. on May 1, 2001 as a Material Handler I.

11.

Felicia Bashirrudin Brown worked continuously for Echosphere, L.L.C. until she was did not promote.

12.

Felicia Bashirrudin Brown was did not promote because of her age.

13.

Others outside the Plaintiff's protected class were treated differently.

14.

Although Echosphere, L.L.C. purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

15.

Echosphere, L.L.C. did not promote Felicia Bashirrudin Brown because of her age.

16.

Felicia Bashirrudin Brown engaged in protected conduct while employed by Echosphere, L.L.C..

17.

Rather than remedy the discrimination, Echosphere, L.L.C. retaliated against Plaintiff.

18.

Echosphere, L.L.C. also discriminated against Plaintiff on the basis of age.

## **CLAIMS FOR RELIEF**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

19.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

20.

Echosphere, L.L.C.'s actions in subjecting Felicia Bashirrudin Brown to different terms and conditions of employment constitutes unlawful discrimination on the basis of her age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

21.

Echosphere, L.L.C. has willfully and wantonly disregarded Felicia Bashirrudin Brown's rights, and Echosphere, L.L.C.'s discrimination against Felicia Bashirrudin Brown was undertaken in bad faith.

22.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her age.

23.

As a direct and proximate result of Echosphere, L.L.C.'s violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

## CLAIMS FOR RELIEF UNDER CIVIL RIGHTS ACT OF 1991

24.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

25.

Defendant Echosphere, L.L.C. discriminated against Plaintiff and other employees, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

26.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Plaintiff has met all jurisdictional prerequisites to filing this Age Discrimination claim.

29.

Echosphere, L.L.C. was Plaintiff's 'employer' as that term is defined under the Age Discrimination in Employment Act.

30.

At the time of Echosphere, L.L.C. did not promote Felicia Bashirrudin Brown, she was a person of age 40 or over.

31.

Employees of Echosphere, L.L.C. who were under the age of forty were treated disparately from the Plaintiff.

32.

Echosphere, L.L.C. discriminated against Plaintiff on account of her age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq.

33.

Echosphere, L.L.C.'s actions were willful, wanton, intentional and in reckless and callous disregard of Plaintiff's federally-protected rights.

34.

Echosphere, L.L.C., therefore, is liable for the damages caused proximately including lost wages, liquidated damages, attorney's fees and costs of litigation, in an amount to be determined at trial.

## RETALIATION

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

Echosphere, L.L.C. subjected Plaintiff to adverse employment actions when Plaintiff engaged in protected conduct.

37.

There was a causal connection between the protected conduct and the adverse action.

38.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

39.

Echosphere, L.L.C., therefore, is liable for the damages caused proximately resulting from its retaliation.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant Echosphere, L.L.C. and Echostar Satellite, L.L.C. has violated Plaintiff's statutory rights;

(h)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Echosphere, L.L.C. and Echostar Satellite, L.L.C. from further unlawful conduct of the type described herein; and

(i)   All other relief to which he may be entitled.

Respectfully submitted the 21st day of November, 2007.

                                        **BARRETT & FARAHANY, LLP**

                                        */s/ Benjamin F. Barrett*
                                        Benjamin F. Barrett
                                        Georgia Bar No. 039586
                                        Attorney for Felicia Bashirrudin Brown

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
(404) 214-0120