
## Arbitration Agreement

**MANDATORY ARBITRATION OF DISPUTES – WAIVER OF RIGHTS AGREEMENT**

This Mandatory Arbitration of Disputes – Waiver of Rights Agreement ("Agreement") made this [9] day of [June], 20[1], is between EchoStar Communications Corporation and all of its affiliates (the term "affiliates" means companies controlling, controlled by or under common control with, EchoStar Communications Corporation) (EchoStar Communications Corporation and its affiliates are individually and collectively referred to herein as "EchoStar") and Felicia Bashirnda Byron ("Employee"). In consideration of the Employee's employment by EchoStar (and/or any of its affiliates) as good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Employee and EchoStar agree that any claim, controversy and/or dispute between them, arising out of and/or in any way related to Employee's application for employment, employment and/or termination of employment, whenever and wherever brought, shall be resolved by arbitration. The Employee agrees that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., and is fully enforceable.

EchoStar agrees to pay all the arbitrator's and arbitration fees and expenses, except that EchoStar shall not be responsible for the Employee's legal fees and costs, unless awarded to the Employee by the arbitrator. The arbitration shall be governed by and construed in accordance with the substantive law of the State in which the Employee performs services for EchoStar as of the date of the demand for arbitration, or in the event the Employee is no longer employed by EchoStar, the substantive law of the State in which the Employee last performed services for EchoStar. A single arbitrator engaged in the practice of law from the American Arbitration Association ("AAA") shall conduct the arbitration under the then current procedures of the AAA's National Rules for the Resolution of Employment Disputes ("Rules"). Regardless of what the above-mentioned Rules state, all arbitration proceedings, including but not limited to hearings, discovery, settlements, and awards shall be confidential and shall be held in the city in which the Employee performs services for EchoStar as of the date of the demand for arbitration, or in the event the Employee is no longer employed by EchoStar, in the city in which the Employee last performed services for EchoStar. The arbitrator's decision shall be final and binding, and judgment upon the arbitrator's decision and/or award may be entered in any court of competent jurisdiction.

The prevailing party in any arbitration pursuant to this agreement to arbitrate shall be entitled to its, his, or her reasonable attorneys' fees and costs and arbitration expenses. Notwithstanding the foregoing, nothing in this Agreement shall require Employee to reimburse EchoStar for its attorneys' fees and costs and arbitration expenses incurred in successfully defending any statutory claim of unlawful discrimination. In the event either party hereto files a judicial or administrative action asserting claims subject to this Agreement, and the other party successfully stays such action and/or compels arbitration of the claims made in such an action, the party filing the administrative or judicial action shall pay the other party's reasonable attorneys' fees and costs incurred in obtaining a stay and/or compelling arbitration.

Notwithstanding the foregoing, this agreement to arbitrate all claims shall not apply to Employee claims for statutory unemployment compensation benefits, statutory worker's compensation benefits, and claims for benefits from an EchoStar-sponsored "employee benefit plan," as that term is defined in 29 U.S.C. § 1002(3). Further, and notwithstanding the foregoing, EchoStar shall have the right to seek any temporary restraining orders, preliminary and/or permanent injunctions in a court of competent jurisdiction based on EchoStar's claims that the Employee is violating EchoStar's rights regarding (1) non-competition agreements or obligations and/or (2) intellectual property, including but not limited to copyrights, patent rights, trade secrets and/or know-how and/or (3) confidential information.

If any provision of this Agreement, or any statute referenced herein, is declared by any court of competent jurisdiction to be invalid for any reason, such invalidity shall not affect the remaining provisions of this Agreement or statutes referenced herein, which shall be fully severable, and given full force and effect.

THE RIGHT TO A TRIAL, TO A TRIAL BY JURY, AND TO COMMON LAW CLAIMS FOR PUNITIVE AND/OR EXEMPLARY DAMAGES ARE OF VALUE AND ARE WAIVED PURSUANT TO THIS AGREEMENT. Other than potential rights to a trial, a jury trial, and common law claims for punitive and/or exemplary damages, nothing in this Agreement limits any statutory remedy to which the Employee may be entitled under law.

THE PARTIES ACKNOWLEDGE THAT THIS AGREEMENT SHALL NOT ALTER THE AT-WILL NATURE OF THEIR EMPLOYMENT RELATIONSHIP.

DATE: June 4, 2001

EMPLOYEE SIGNATURE